UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANGEL GUTIERREZ and
SONIA GUTIERREZ,

    Plaintiffs,

v.

WAL-MART STORES EAST, LP and
JOHN DOE, store manager,

    Defendants.
_____/

Case No.:

## DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), hereby removes the above-captioned matter from the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to this Court.[1]  In support, Wal-Mart states:

### The Removed Case

1. The underlying negligence action was initially filed on or about June 8, 2022, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and is captioned *Gutierrez v. Wal-Mart Stores East, LP*, Case No. 2022-010504-CA-01 (Fla. 11th Jud. Cir.).

2. As required by 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served on Wal-Mart in the removed action are attached here as **Exhibit A**.

---

[1] By removing to this Court, Wal-Mart expressly preserves and reserves all defenses otherwise available to it.  *See, e.g.*, *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 674 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses[.]").

### Removal Is Timely

3. Wal-Mart was first served in connection with this lawsuit on June 22, 2022. This Notice of Removal is filed within thirty (30) days of the date of service; therefore, the Notice is timely pursuant to 28 U.S.C §1446(b). *See Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 810 (11th Cir. 2012) ("each defendant has thirty days from the date of formal service of process to file a notice of removal"); *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008) ("We hereby adopt the last-served defendant rule, which permits each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b)."); *Hand v. Cargill Fertilizer, Inc.*, 157 F. App'x 230, 232-33 (11th Cir. 2005) ("Because [the defendant] filed the notice of removal within 30 days of [its] receipt of the summons and complaint, the notice of removal was timely under section 1446(b).").

### Venue Is Proper in This Court

4. This Court is the United States District Court for the district and division in which the removed state-court action is pending. Accordingly, this Court is the appropriate venue for filing this Notice of Removal under 28 U.S.C. § 1446(a).

### General Law Regarding Removal

5. Except where Congress provides otherwise, any civil action brought in a state court can be removed to the appropriate federal district court, so long as that federal district court has original jurisdiction. 28 U.S.C. § 1441(a). One type of original jurisdiction is diversity jurisdiction. *See generally* 28 U.S.C. § 1332(a). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of residency and/or citizenship among all parties. *Id.*

6. A civil action removable solely on the basis of diversity jurisdiction cannot be removed if any of the parties properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

7. With critical implication to this case, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a). . .the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). For example, "John Doe" is a fictious name to be disregarded for purposes of the diversity of citizenship inquiry. *See Cruz-Guerrero v. Wal-Mart Stores E., L.P.*, No. 20-81577-CV-MIDDLEBROOKS/Bran, 2021 U.S. Dist. LEXIS 258928, at *1 (S.D. Fla. Jan. 13, 2021) (referring to Wal-Mart store manager "John Doe" as a fictious name to be disregarded under section 1441(b)(1)); *see also Walker v. CSX Transp., Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) (substantially similar).

**Complete Diversity of Citizenship Exists Among All Parties**

8. This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court under 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship.

9. Plaintiffs, Angel Gutierrez and Sonia Gutierrez, are citizens of Florida, domiciled in Florida—as pled in the operative complaint. *See* **Ex. B**, Compl., ¶3 ("Plaintiff, ANGEL GUTIERREZ ("MR. GUTIERREZ") was and is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*."); *see also* **Ex. B**, Compl., ¶4 ("Plaintiff, SONIA GUTIERREZ ("MRS. GUTIERREZ") was and is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*."). A "party's residence is *prima facie* evidence of a party's domicile." *Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, at *9 (S.D. Fla. July 17, 2017) (providing that "[f]actors frequently taken into account when assessing the domicile of a party

include, inter alia: "the party's current residence," "license and automobile registration," and "situs of personal and real property").

10. Defendant, Wal-Mart, is a foreign corporation organized under the laws of the state of Delaware with its principal place of business in Bentonville, Arkansas. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-97 (2010) (explaining that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business" and holding that a corporation's "principal place of business" is its "nerve center"). Wal-Mart thus is not domiciled in Florida. Because Wal-Mart is not domiciled in Florida, and both Plaintiffs are Florida citizens, diversity of citizenship exists between Wal-Mart and both Plaintiffs. *See* 28 U.S.C. § 1332.

11. Further, the alleged Florida citizenship of fictitiously named Defendant, "John Doe", who allegedly acted as Wal-Mart's "store manager", **Ex. B**, Compl., ¶10, does not destroy the diversity required for removal for one simple reason: "the citizenship of defendants sued under fictitious names shall be disregarded." *Cruz-Guerrero*, No. 20-81577-CV-MIDDLEBROOKS/Bran, 2021 U.S. Dist. LEXIS 258928, at *7 (quoting 28 U.S.C. § 1441(b)(1)). On this point, this case bears uncanny resemblance to *Cruz-Guerrero*—which also featured a fictitiously named "John Doe" Wal-Mart store manager named as a defendant. Here, as in *Cruz-Guerrero*, this Court "cannot consider [John] Doe[']s citizenship in determining whether complete diversity exists between the [p]arties." *See id.* Therefore, complete diversity exists between all parties and this Court has original jurisdiction.

**The Amount in Controversy Has Been Satisfied**

12. If the amount-in-controversy exceeds $75,000, then the amount-in-controversy requirement is satisfied for diversity jurisdiction under section 1332(a).

4

13. When seeking removal based on diversity jurisdiction proscribed in section 1332(a), "the sum demanded in good faith in the initial pleading **shall** be deemed to be the amount in controversy[,]" absent two irrelevant exceptions. 28 U.S.C. § 1446 (c)(2) (emphasis added); *see also David v. USAA Cas. Ins. Co.*, No. 5:21cv27-MW/MJF, 2021 U.S. Dist. LEXIS 61915, at *2 (N.D. Fla. Mar. 24, 2021) (noting that the "legal certainty" test previously employed in the Eleventh Circuit was abrogated when section 1446 was amended to read as it currently appears).

14. Indeed, "[r]emovability is determined by the allegations of the complaint if it adequately alleges the amount in controversy." *M Seven Holdings LLC v. Lyman Prods. Corp.*, No. 2:20-cv-433-JLB-NPM, 2021 U.S. Dist. LEXIS 206681, at *17 (M.D. Fla. Mar. 29, 2021) (quotation omitted) (expressing uncertainty whether "it is even necessary" to consider "evidence outside the Complaint that purportedly rebuts" allegations pertaining to the amount in controversy); *see also Mitzelfeld v. Safeco Ins. Co.*, No. 9:15-CV-80381, 2015 U.S. Dist. LEXIS 185174, at *4 (S.D. Fla. May 22, 2015) (denying motion to remand where plaintiff's complaint demanded "full amount of uninsured motorist benefit under the policy", which was $750,000; reasoning plaintiff's complaint "has set a value on his case, which is determinative.").

15. Here, the allegations of the Plaintiffs' complaint indicate that Plaintiffs seek damages in excess of $100,000, **Ex. B**, Compl., ¶1, for injuries to Mr. Gutierrez' "head and neck", **Ex. B**, Compl., ¶¶16,21. Therefore, $100,0000 must be deemed the amount in controversy. *See* 28 U.S.C. § 1446 (c)(2). It is therefore not necessary to consider evidence outside the complaint to determine whether removal is proper based on the amount in controversy requirement. *See M Seven Holdings LLC v. Lyman Prods. Corp.*, No. 2:20-cv-433-JLB-NPM, 2021 U.S. Dist. LEXIS 206681, at *17; *Mitzelfeld,* No. 9:15-CV-80381, 2015 U.S. Dist. LEXIS 185174, at *4. Further, to the extent this Court analyzes removal through the prism of section 1446(c)(2)(B), the greater

weight of the evidence establishes that the amount in controversy exceeds $75,000. This Court can use its common sense and experience in making that evaluation, *see Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010), and common sense dictates that "permanent bodily injury", Ex. **B**, Compl., ¶22, to the head and neck would place more than $75,000 in controversy. *See also Robinson v. Cemex SE., LLC*, No. 2:18-cv-1399-JEO, 2018 U.S. Dist. LEXIS 179173, at *5 (N.D. Ala. Oct. 18, 2018) ("Using its 'judicial experience' and 'common sense,' the court can reasonably infer from the nature and extent of Plaintiff's severe injuries that the amount in controversy exceeds $75,000. The court also notes the fact that Plaintiff alleges permanent injuries; the continual, ongoing nature of these alleged injuries also supports a finding that the jurisdictional amount it met.").

**<u>Wal-Mart Need Not Establish Fraudulent Joinder of John Doe to Obtain Removal</u>**

16.     Wal-Mart anticipates that Plaintiffs will contest removal by arguing that: (1) John Doe's presence in the suit destroys the diversity required for removal, and (2) Wal-Mart must establish fraudulent joinder of John Doe to obtain removal. Plaintiffs would be mistaken on both points.

17.     Plaintiffs would be mistaken on the first point for the reasons stated above: under section 1441, "the citizenship of defendants sued under fictitious names shall be disregarded." *Cruz-Guerrero*, No. 20-81577-CV-MIDDLEBROOKS/Bran, 2021 U.S. Dist. LEXIS 258928, at *7 (quoting 28 U.S.C. § 1441(b)(1)).

18.     Plaintiffs would be similarly mistaken on the second point as well: because section 1441(b)(1) provides that the citizenship of fictitiously named defendants must be disregarded, Wal-Mart need not prove fraudulent joinder to obtain removal. Indeed, in Cruz-Guerrero, this Court determined that it was not "necessary" for Wal-Mart to establish fraudulent joinder because

"the citizenship of defendants sued under fictitious names shall be disregarded." *Id.*; *see also Walker*, 650 F.3d 1392, 1395 n.11 (substantially similar; collecting cases); *accord Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 426 n.10 (1st Cir. 2007) ("The presence of John Does [sic] does not destroy diversity jurisdiction in cases removed to federal court.").

## Filing of Removal Papers

19.     Under 28 U.S.C. § 1446(d), contemporaneous to the removal of this action, Wal-Mart has provided written notice of removal to Plaintiff's counsel and has filed a Notice of Filing the Notice of Removal with the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A true and correct copy of the Notice of Filing the Notice of Removal is attached as **Exhibit C**.

## CONCLUSION

WHEREFORE, Defendant, Wal-Mart Stores East, LP, respectfully removes this action from the Eleventh Judicial Circuit for Miami-Dade County, Florida, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446.  Should any question arise as to the propriety of this removal, Wal-Mart respectfully requests an opportunity to provide further briefing and oral argument.

## CERTIFICATE OF SERVICE

WE CERTIFY that on July 12, 2022, we e-filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and via email to the parties on the service list below.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Counsel for Defendant Wal-Mart Stores East, LP
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
Telephone: 786.353.0210
Facsimile: 786.513.2249


By: */s/ Todd Ehrenreich*
TODD EHRENREICH, ESQ.
Florida Bar No.: 945900
NOEL JOHNSON, ESQ.
Florida Bar No.: 14407
LAURA S. CORDELL, ESQ.
Florida Bar No.: 1020228
Todd.Ehrenreich@lewisbrisbois.com
Noel.Johnson@lewisbrisbois.com
Laura.Cordell@lewisbrisbois.com
Yiselle.Coronel@lewisbrsibois.com


## SERVICE LIST

Jose L. Becerra, Esq.
THE FERRARO LAW FIRM, P.A.
600 Brickell Avenue
Suite 3800
Miami, FL 33131
Tel. (305) 375-0111
Jbecerra@ferrarolaw.com
*Attorneys for Plaintiff*