# EXHIBIT A



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us    My Account    

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

---

◀◀ BACK

**ANGEL GUTIERREZ ET AL VS WAL-MART STORES EAST, LP ET AL**

| | | | |
|---|---|---|---|
| Local Case Number: | 2022-010504-CA-01 | Filing Date: | 06/08/2022 |
| State Case Number: | 132022CA010504000001 | Judicial Section: | CA07 |
| Consolidated Case No.: | N/A | Case Type: | Comm Premises Liability |
| Case Status: | OPEN | | |

---

## 👥 Parties
Total Of Parties: 4  —

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Gutierrez, Angel | B#: (Bar Number)104891 N: (Attorney Name)Becerra, Jose L | |
| Plaintiff | Gutierrez, Sonia | B#: (Bar Number)104891 N: (Attorney Name)Becerra, Jose L | |
| Defendant | Wal-Mart Stores East, LP | | |
| Defendant | John Doe (Store Manager) | | |

---

## 🔨 Hearing Details
Total Of Hearings: 0  —

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

---

## 🔊 Dockets
Total Of Dockets: 9  —

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 9 | 06/28/2022 | | Service Returned | Event | |
| 📄 | 8 | 06/21/2022 | | Notice of Interrogatory | Event | |
| | | 06/17/2022 | | 20 Day Summons Issued | Service | |
| 📄 | 7 | 06/17/2022 | | ESummons 20 Day Issued | Event | **RE: INDEX # 5.** Parties: Wal-Mart Stores East LP |
| 📄 | 6 | 06/14/2022 | | Receipt: | Event | **RECEIPT#:3070037 AMT PAID:$10.00 NAME:BECERRA, JOSE L 2501 BRICKELL AVE APT 306 MIAMI FL 33129-2459 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00** |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | | | | | $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:06/14/2022 REGISTER#:307 CASHIER:EFILINGUSER |
| | 4 | 06/10/2022 | | Receipt: | Event | RECEIPT#:3060210 AMT PAID:$401.00 NAME:BECERRA, JOSE L 2501 BRICKELL AVE APT 306 MIAMI FL 33129-2459 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:06/10/2022 REGISTER#:306 CASHIER:EFILINGUSER |
| 📄 | 5 | 06/09/2022 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 2 | 06/08/2022 | | Complaint | Event | |
| 📄 | 1 | 06/08/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.



**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Angel Gutierrez, Sonia Gutierrez</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Wal-Mart Stores East, LP, John Doe (Store Manager)</u>
Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

III.    **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☒ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  4

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**      **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jose L Becerra</u>         Fla. Bar # <u>104891</u>
       Attorney or party                   (Bar # if attorney)

<u>Jose L Becerra</u>              <u>06/08/2022</u>
  (type or print name)             Date

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

ANGEL GUTIERREZ and                            CIRCUIT CIVIL DIVISION
SONIA GUTERREZ,

     Plaintiffs,                                 CASE NO.:

v.

WAL-MART STORES EAST, LP, and
JOHN DOE, store manager,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs, ANGEL GUTIERREZ and SONIA GUTIERREZ, by and through the undersigned counsel, and hereby sue Defendants WAL-MART STORES EAST, LP, and JOHN DOE, store manager, and in support thereof allege as follows.

1.    This is an action in excess of the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00), exclusive of interest, costs and any attorney's fees.  Accordingly, this Court has exclusive original jurisdiction over this matter pursuant to Florida Statute § 26.012 and § 34.01.

2.    This is a negligence action arising in Miami-Dade County, Florida.  Venue and jurisdiction are proper here, pursuant to sections 47.051 and 47.021, Florida Statutes, because Plaintiffs' causes of action accrued in Miami-Dade County, Florida, and WAL-MART STORES EAST, LP conducted business in Miami-Dade County, Florida.

3.    At all times material hereto, Plaintiff ANGEL GUTIERREZ ("MR. GUTIERREZ") was and is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

4.      At all times material hereto, Plaintiff SONIA GUTIERREZ ("MRS. GUTIERREZ") was and is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

5.      At all times material hereto, Defendant JOHN DOE was and is a resident of the State of Florida.

6.      At all times material hereto, Defendant WAL-MART STORES EAST, LP ("WALMART"), was authorized and conducted business in the State of Florida, and did so at the following location: 33501 S Dixie Hwy, Florida City, FL 33034 (the "Subject Premises").   The Subject Premises is also known as "Walmart Supercenter #2727."

7.      At all times material hereto, WALMART owned, occupied, and/or controlled the Subject Premises.

8.      At all times material hereto, WALMART was in exclusive possession, custody, and/or control of the Subject Premises.

9.      At all times material hereto, WALMART had control over maintenance and upkeep of the Subject Premises.

10.     At all times material hereto, Defendant, JOHN DOE, was acting in the capacity of store manager, including on the date and time of the subject incident.

11.     At all times material hereto, MR. GUTIERREZ was a lawful invitee of the Subject Premises.

12.     On October 10, 2021, MR. GUTIERREZ visited the Subject Premises as a business invitee.   At said time and place, MR. GUTIERREZ was lawfully upon the premises of WALMART, who owed MR. GUTIERREZ a non-delegable duty to exercise reasonable care for his safety.   The Subject Premises was, at that time and continued to be, in the custody of, and operated by, WALMART.

13.     On the date of the incident, MR. GUTIERREZ was shopping in the sporting goods section of the Subject Premises.  There, Defendants placed numerous packages containing large boat fenders on the top shelf.  These packages were placed dangerously close to the edge of the top shelf, were completely unsecured, and due to the nature of the product packaging, were highly susceptible to tipping and falling over.

14.     At said time and place, MR. GUTIERREZ sustained severe, debilitating, and permanent injuries when suddenly and without warning a package containing two large boat fenders fell and toppled onto his head and neck as he was shopping in the sporting goods section of the Subject Premises.

### COUNT I – NEGLIGENCE-PREMISES LIABILITY
(as to WAL-MART STORES EAST, LP)

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 14 above as though they had been set forth herein and further states:

15.     At all times material hereto, WALMART, individually and by and through its employees, agents, and assigns, owed a duty of care to MR. GUTIERREZ, as its business invitee, to maintain its premises in a reasonably safe condition, and to protect him from dangers or defects about which WALMART was or should have been aware, through the use of ordinary and reasonable care. WALMART breached its duty to MR. GUTIERREZ by committing one or more of the following:

a.    Negligently failing to install, maintain and/or properly stock product shelves, thereby creating an unreasonably dangerous condition;

b.    Negligently failing to inspect or adequately inspect stocking shelves to ascertain whether product packages placed at the edge of the top shelf were poorly or dangerously placed, thereby creating an unreasonably dangerous condition;

c.  Negligently failing to adequately warn MR. GUTIERREZ of a dangerous condition in the sporting goods section of the Subject Premises, when WALMART knew or through the exercise of reasonable care should have known that the Subject Premises was unreasonable dangerous and that MR. GUTIERREZ was unaware of the same;

d.  Negligently failing to correct, inspect, maintain, and/or fix the unreasonable dangerous condition of the stocking shelves in the sporting goods section, when said condition known or had existed for a sufficient length of time such that WALMART should have known of same had WALMART exercised reasonable care;

e.  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining stocking shelves;

f.  Negligently failing to train and/or inadequately training its employees to inspect and/or maintain stocking shelves;

g.  Negligently failing to follow its own corporate policies regarding customer safety;

h.  Negligently failing to have adequate policies in place to identify dangerous conditions;

i.  Negligently failing to enforce its stated policies that all associates are responsible for inspecting stocking shelves for dangerous conditions and correcting said conditions and/or warning invitees of said conditions;

j.  Negligently selecting and/or utilizing stocking shelves that failed to provide appropriate support and stability when, based on WALMART's experience, WALMART knew or should have known of the dangers of falling merchandise;

4

k.   Negligently failing to act reasonably under the circumstances.

16.     As a result, on October 10, 2021, MR. GUTIERREZ sustained severe personal injuries when a package containing two large boat fenders fell and toppled onto his head and neck as he was shopping in the sporting goods section of the Subject Premises.

17.     As a direct and proximate result of each tort specified and alleged herein, which are sequential and incapable of division on any logical or reasonable basis, MR. GUTIERREZ suffered severe and permanent bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, loss of ability to earn money in the future and other economic damages, and expense of vehicle repairs.  These losses are either permanent or continuing in nature and MR. GUTIERREZ will suffer these losses in the future.

WHEREFORE, Plaintiffs pray for judgment against WALMART in excess of the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) plus costs, interest and for such other and further relief both at law and in equity to which Plaintiffs may show to be justly entitled.

## COUNT II – NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE
### (as to WAL-MART STORES EAST, LP)

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 14 above as though they had been set forth herein and further states:

18.     At said time and place, WALMART owned, controlled and/or possessed the Subject Premises.

19.     At said time and place, and by virtue of its ownership, control, and/or possession of the Subject Premises, WALMART owed MR. GUTIERREZ a duty of care and a common law non-delegable duty to maintain the premises in a reasonably safe condition.

5

20.     At said time and place, WALMART breached these duties to MR. GUTIERREZ by committing one or more of the following:

    a.   Negligently failing to install, maintain and/or properly stock product shelves, thereby creating an unreasonably dangerous condition;

    b.   Negligently failing to inspect or adequately inspect stocking shelves to ascertain whether product packages placed at the edge of the top shelf were poorly or dangerously placed, thereby creating an unreasonably dangerous condition;

    c.   Negligently failing to adequately warn MR. GUTIERREZ of a dangerous condition in the sporting goods section of the Subject Premises, when WALMART knew or through the exercise of reasonable care should have known that the Subject Premises was unreasonable dangerous and that MR. GUTIERREZ was unaware of the same;

    d.   Negligently failing to correct, inspect, maintain, and/or fix the unreasonable dangerous condition of the stocking shelves in the sporting goods section, when said condition known or had existed for a sufficient length of time such that WALMART should have known of same had WALMART exercised reasonable care;

    e.   Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining stocking shelves;

    f.   Negligently failing to train and/or inadequately training its employees to inspect and/or maintain stocking shelves;

    g.   Negligently failing to follow its own corporate policies regarding customer safety;

h.  Negligently failing to have adequate policies in place to identify dangerous conditions;

i.  Negligently failing to enforce its stated policies that all associates are responsible for inspecting stocking shelves for dangerous conditions and correcting said conditions and/or warning invitees of said conditions;

j.  Negligently selecting and/or utilizing stocking shelves that failed to provide appropriate support and stability when, based on WALMART's experience, WALMART knew or should have known of the dangers of falling merchandise;

k.  Negligently failing to act reasonably under the circumstances.

21.  As a result, on October 10, 2021, MR. GUTIERREZ sustained severe personal injuries when a package containing two large boat fenders fell and toppled onto his head and neck as he was shopping in the sporting goods section of the Subject Premises.

22.  As a direct and proximate result of each tort specified and alleged herein, which are sequential and incapable of division on any logical or reasonable basis, MR. GUTIERREZ suffered severe and permanent bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, loss of ability to earn money in the future and other economic damages, and expense of vehicle repairs.  These losses are either permanent or continuing in nature and MR. GUTIERREZ will suffer these losses in the future.

WHEREFORE, Plaintiffs pray for judgment against WALMART in excess of the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) plus costs, interest and for such other and further relief both at law and in equity to which Plaintiffs may show to be justly entitled.

## COUNT III – NEGLIGENCE
(as to JOHN DOE)

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 14 above as though they had been set forth herein and further states:

23.    At all times material hereto, JOHN DOE was the manager of the Subject Premises.

24.    As the manager of the entity responsible for owning, operating, maintaining and controlling the Subject Premises, JOHN DOE owed a duty to MR. GUTIERREZ to take all reasonable steps to ensure his safety while within the Subject Premises.

25.    Specifically, JOHN DOE owed a duty to use reasonable care to ensure that MR. GUTIERREZ was able to safely and adequately utilize the premises in question without being subject to the dangers associated with a defective and dangerous condition that existed at the time of MR. GUTIERREZ's injury.

26.    JOHN DOE breached the duty owed to MR. GUTIERREZ by carelessly and negligently failing to properly supervise, inspect, maintain and/or manage the Subject Premises and/or warn MR. GUTIERREZ of the aforementioned dangerous and defective condition. Specifically, JOHN DOE breached these duties to MR. GUTIERREZ by committing one or more of the following:

a. Negligently failing to install, maintain and/or properly stock product shelves, thereby creating an unreasonably dangerous condition;

b. Negligently failing to inspect or adequately inspect stocking shelves to ascertain whether product packages placed at the edge of the top shelf were poorly or dangerously placed, thereby creating an unreasonably dangerous condition;

c. Negligently failing to adequately warn MR. GUTIERREZ of a dangerous condition in the sporting goods section of the Subject Premises, when

8

WALMART knew or through the exercise of reasonable care should have known that the Subject Premises was unreasonable dangerous and that MR. GUTIERREZ was unaware of the same;

d.   Negligently failing to correct, inspect, maintain, and/or fix the unreasonable dangerous condition of the stocking shelves in the sporting goods section, when said condition known or had existed for a sufficient length of time such that WALMART should have known of same had WALMART exercised reasonable care;

e.   Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining stocking shelves for dangerous conditions;

f.   Negligently failing to train and/or inadequately training his employees to inspect, maintain, and/or remedy the stocking shelves;

g.   Negligently disregarding training and/or supervision policies;

h.   Negligently failing to follow Walmart's corporate policies regarding customer safety;

i.   Negligently failing to have adequate policies in place to identify dangerous conditions;

j.   Negligently failing to carry out proper inspections of stocking shelves;

k.   Negligently selecting and/or utilizing stocking shelves that failed to provide appropriate support and stability when, based on JOHN DOE's experience, JOHN DOE knew or should have known of the dangerous condition; and

l.   Negligently failing to act reasonably under the circumstances.

9

27.     As a result, on October 10, 2021, MR. GUTIERREZ sustained severe personal injuries when a large package containing boat fenders fell on his head and neck as he was shopping in the sporting goods section of the Subject Premises.

28.     As a direct and proximate result of each tort specified and alleged herein, which are sequential and incapable of division on any logical or reasonable basis, MR. GUTIERREZ suffered severe and permanent bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, loss of ability to earn money in the future and other economic damages, and expense of vehicle repairs.  These losses are either permanent or continuing in nature and MR. GUTIERREZ will suffer these losses in the future.

WHEREFORE, Plaintiffs pray for judgment against JOHN DOE in excess of the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) plus costs, interest and for such other and further relief both at law and in equity to which Plaintiffs may show to be justly entitled.

## <u>COUNT IV – LOSS OF CONSORTIUM</u>
(as to all Defendants)

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 28 above as though they had been set forth herein and further states:

29.     At the time of this incident, until the present, SONIA GUTIERREZ was and is married to ANGEL GUTIERREZ.

30.     As a result of Defendants' negligence, SONIA GUTIERREZ has suffered the loss of support, services, comfort, society, attentions, and consortium of her husband ANGEL GUTIERREZ and will continue to suffer these losses and others in the future.

31.     WHEREFORE, Plaintiffs pray for judgment against Defendants in excess of the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) plus costs, interest and for such other and further relief both at law and in equity to which Plaintiffs may show to be justly entitled.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable as a matter of right.

DATED: June 8, 2022.

Respectfully submitted,

THE FERRARO LAW FIRM, P.A.
*Attorneys for Plaintiffs*
600 Brickell Ave., Suite #3800
Miami, Florida 33131
Telephone (305) 375-0111
Facsimile (305) 379-6222

By:*/s/ Jose L. Becerra*
JOSE L. BECERRA, ESQ.
Florida Bar No. 104893
jbecerra@ferrarolaw.com

## <u>DESIGNATION OF E-MAIL ADDRESSES</u>

Pursuant to Rule 2.516(b)(1)(A) of the Florida Rules of Judicial Administration, the undersigned counsel for Plaintiffs hereby designates the following e-mail addresses to be used for service of all court papers in this action:

**Jose Luis Becerra, Esq.**
Primary E-Mail Address: jbecerra@ferrarolaw.com
Secondary E-Mail Address: lfuentes@ferrarolaw.com

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANGEL GUTIERREZ and
SONIA GUTIERREZ,                         CIRCUIT CIVIL DIVISION
                                          CASE NO: 2022-010504-CA-01

      Plaintiffs,

                                          **SUMMONS**

v.

WAL-MART STORES EAST, LP, and
JOHN DOE, store manager,

      Defendants.

_____/


**THE STATE OF FLORIDA:**
To Each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint
in this action on Defendant:

                             **WAL-MART STORES EAST, LP**
                             **1200 SOUTH PINE ISLAND ROAD**
                             **PLANTATION, FL 33324**

Respondent is required to serve written defenses to the Complaint or Petition on Petitioner's
attorneys, to wit:


name of attorney in charge ....        **JOSE L. BECERRA, ESQ.**
whose address is:                       **THE FERRARO LAW FIRM**
                                          600 Brickell Avenue, Suite 3800
                                          Miami, FL 33131
                                          TEL: (305) 375-0111

within twenty (20) days after service of this Summons on that Respondent, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court at 73 West Flagler Street, Miami, Florida 33130, either before service on Petitioner's attorney or immediately thereafter.  If a Respondent fails to do so, a default will be entered against that Respondent for the relief demanded in the Complaint or Petition.

**DATED ON** _____,

HARVEY RUVIN
as Clerk of Said Court

By:_____
          as Deputy Clerk

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANGEL GUTIERREZ and
SONIA GUTIERREZ,

      Plaintiffs,

v.

WAL-MART STORES EAST, LP, and
JOHN DOE, store manager,

      Defendants.

_____/

CIRCUIT CIVIL DIVISION
CASE NO: 2022-010504-CA-01

**SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant:

                    **WAL-MART STORES EAST, LP**
                    **1200 SOUTH PINE ISLAND ROAD**
                    **PLANTATION, FL 33324**

Respondent is required to serve written defenses to the Complaint or Petition on Petitioner's attorneys, to wit:

name of attorney in charge ....      **JOSE L. BECERRA, ESQ.**
whose address is:              **THE FERRARO LAW FIRM**
                            600 Brickell Avenue, Suite 3800
                            Miami, FL 33131
                            TEL: (305) 375-0111

within twenty (20) days after service of this Summons on that Respondent, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court at 73 West Flagler Street, Miami, Florida 33130, either before service on Petitioner's attorney or immediately thereafter.  If a Respondent fails to do so, a default will be entered against that Respondent for the relief demanded in the Complaint or Petition.

6/17/2022

**DATED ON** _____,

HARVEY RUVIN
as Clerk of Said Court

217043

By: _____
as Deputy Clerk

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

ANGEL GUTIERREZ and                    CIRCUIT CIVIL DIVISION
SONIA GUTERREZ,

      Plaintiffs,                    CASE NO.: 2022-010504-CA-01

v.

WAL-MART STORES EAST, LP, and
JOHN DOE, store manager,

      Defendants.

_____/

### PLAINTIFFS' NOTICE OF SERVING FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION DIRECTED TO DEFENDANT WAL-MART STORES EAST, LP

      Plaintiffs, by and through the undersigned attorneys and pursuant to Florida Rules of Civil

Procedure 1.280, 1.340, and 1.351, give notice that Plaintiffs' First Set of Interrogatories and First

Request for Production Directed to Defendant Wal-Mart Stores East, LP, will be served on Wal-

Mart Stores East, LP, in conjunction with Plaintiffs' Complaint.

      THE FERRARO LAW FIRM, P.A.
      Jose L. Becerra, ESQ.
      *Attorneys for Plaintiffs*
      600 Brickell Avenue, Suite 3800
      Miami, Florida 33131
      jbecerra@ferrarolaw.com

      By:*/s/ Jose L. Becerra*
      JOSE L. BECERRA, ESQ.
      FLORIDA BAR NO. 104891

1

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served

electronically on all counsel of record via Florida's eFiling Portal this 21st day of June 2022.

By: <u>/s/ *Jose L. Becerra*</u>
JOSE L. BECERRA, ESQ.
FLORIDA BAR NO. 104891

Filing # 152337394 E-Filed 06/28/2022 01:54:31 PM

## RETURN OF SERVICE

**State of Florida**           **County of Miami-Dade**           **Circuit Court**

Case Number: 2022-010504-CA-01

Plaintiff: **ANGEL GUTIERREZ AND SONIA GUTIERREZ**
vs.
Defendant: **WAL-MART STORES EAST, LP, ET AL.,**

For:
Jose L. Becerra
THE FERRARO LAW FIRM, P.A.
600 BRICKELL AVENUE
SUITE 3800
MIAMI, FL 33131

Received by Caplan, Caplan & Caplan Process Servers on the 21st day of June, 2022 at 12:26 pm to be served on **WAL-MART STORES EAST, LP C/O CT CORPORATION SYSTEM, 1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**

I, Luzeneida Gonzalez, do hereby affirm that on the **22nd day of June, 2022** at **2:00 pm**, I:

served a **CORPORATION, REGISTERED AGENT** by delivering a true copy of the **SUMMONS, CIVIL COVER SHEET, COMPLAINT AND DEMAND FOR JURY TRIAL, FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION** with the date and hour of service endorsed thereon by me, to: **CT CORPORATION SYSTEM** as **REGISTERED AGENT** at the address of: **1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324** on behalf of **WAL-MART STORES EAST, LP C/O CT CORPORATION SYSTEM**, and informed said person of the contents therein, in compliance with Florida State Statute 48.091.

**Additional Information pertaining to this Service:**
BY SERVING DONNA MOCH AS EMPLOYEE OF THE REGISTERED AGENT

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am a Sheriff Appointed Process Server in the county in which this defendant/Witness was served and have no interest in the above action. Pursuant to FS 92.525(2) and 28 USC Section 1746, no notary is required.

_____
**Luzeneida Gonzalez**
1089

**Caplan, Caplan & Caplan Process Servers**
**12555 Orange Drive**
**Suite 106**
**Davie, FL 33330**
**(305) 374-3426**

Our Job Serial Number: CPN-2022019227
Service Fee: _____

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2h

Filing # 151216    -Filed 06/09/2022 05:03:58 PM

JUN 2 1 2022



## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANGEL GUTIERREZ and
SONIA GUTIERREZ,

  Plaintiffs,

v.

WAL-MART STORES EAST, LP, and
JOHN DOE, store manager,

  Defendants.

_____/

CIRCUIT CIVIL DIVISION
CASE NO: 2022-010504-CA-01

**SUMMONS**

DATE _6·22·2022_   TIME _2p_

INITIAL _8_   BADGE# _1085_

**THE STATE OF FLORIDA:**
To Each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant:

    **WAL-MART STORES EAST, LP**
    **1200 SOUTH PINE ISLAND ROAD**
    **PLANTATION, FL 33324**

Respondent is required to serve written defenses to the Complaint or Petition on Petitioner's attorneys, to wit:

name of attorney in charge ....
whose address is:

    **JOSE L. BECERRA, ESQ.**
    **THE FERRARO LAW FIRM**
    600 Brickell Avenue, Suite 3800
    Miami, FL 33131
    TEL: (305) 375-0111

within twenty (20) days after service of this Summons on that Respondent, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court at 73 West Flagler Street, Miami, Florida 33130, either before service on Petitioner's attorney or immediately thereafter.  If a Respondent fails to do so, a default will be entered against that Respondent for the relief demanded in the Complaint or Petition.

6/17/2022

**DATED ON** _____,

HARVEY RUVIN
as Clerk of Said Court

**217043**

By:_____

as Deputy Clerk